IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **STEVEN WADE, ALEX NORRIS,** | § | |
| **ADAM NORRIS, and ANDREW** | § | |
| **NORRIS, Individually, as Wrongful** | § | |
| **Death Beneficiaries and on Behalf of the** | § | |
| **ESTATE OF PENNY WADE,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | Civil Action No. CV-16-807 |
| | § | |
| **J AND I LLC, JOSE CHAPARRO, AND** | § | |
| **LUNDVALL ENTERPRISES, INC.** | § | |
| | § | |
| *Defendants.* | § | |

## INDEX OF MATTERS BEING FILED

TO THE HONORABLE COURT:

Pursuant to the Local Rule 81.1 of the Northern District of Texas, Defendants, J AND I LLC, JOSE CHAPARRO, AND LUNDVALL ENTERPRISES, INC., attach this Index of Matters Being Filed to their Notice of Removal.

1.   Docket Case Summary;

2.   Plaintiffs' Original Petition and Request for Discovery;

3.   Citation of Jose Chaparro;

4.   Citation of J and I LLC;

5.    Motion for Substituted Service;

6.   Order for Substituted Service;

7.   Plaintiff's First Amended Petition and Request for Disclosure;

8.   Citation of Lundvall Enterprises, Inc.; and

9.   Defendants' Original Answer.

DATED this 29th day of August, 2016.


Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299


By:     _/s/ Zach T. Mayer_____
        Zach T. Mayer
        *Attorney-in-Charge*
        State Bar No. 24013118
        zmayer@krcl.com
        Aaron M. Speer
        State Bar No. 24051365
        aspeer@krcl.com
        Philip K. Bean
        State Bar No. 24059235
        pbean@krcl.com

**ATTORNEYS FOR DEFENDANTS**
**LUNDVALL ENTERPRISES, INC.,**
**J AND I LLC, AND JOSE CHAPARRO**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August 2016, a true and correct copy of the foregoing has been served on all counsel of record, pursuant to the Federal Rules of Civil Procedure.

Keith Purdue
E. Michael Grossman
Nathan W. Shackelford
GROSSMAN LAW OFFICES
12240 Inwood Rd., Suite 500
Dallas, Texas  75244
*Counsel for Plaintiffs*

*/s/ Zach T. Mayer*
Zach T. Mayer

## CASE SUMMARY
## CASE NO. CV16-02-084

| | | |
|---|---|---|
| Steven Wade, Alex Norris, Adam Norris, Andrew Norris | § | Location: **271st Judicial District Court** |
| vs | § | Judicial Officer: **Fostel, John** |
| Jose Chaparro, J and I LLC, Lundvall Enterprises, Inc. | § | Filed on: **02/02/2016** |

Date *August 29 2016*

This is to certify that this is a true and correct copy.

BRENDA ROWE
District Clerk Wise
County, Texas

By _____
Deputy

### CASE INFORMATION

Case Type: **06 - Injury or Damage - Other**

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | Norris, Adam | **PERDUE, KEITH C.** *Retained* 214-220-9191(W) |
| | Norris, Alex | **PERDUE, KEITH C.** *Retained* 214-220-9191(W) |
| | Norris, Andrew | **PERDUE, KEITH C.** *Retained* 214-220-9191(W) |
| | Wade, Steven | **PERDUE, KEITH C.** *Retained* 214-220-9191(W) |
| **Defendant** | Chaparro, Jose | |
| | J and I LLC | **MAYER, ZACH T.** *Retained* 214-777-4200(W) |
| | Lundvall Enterprises, Inc. | |

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 02/02/2016 | ORIGINAL PETITION (OCA) *PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY* |
| 02/02/2016 | Request *Request* |
| 02/02/2016 | **Citation** Chaparro, Jose Returned Unserved 03/29/2016 J and I LLC Returned Unserved 03/29/2016 |
| 03/29/2016 | MOTION FOR SUBSTITUTED SERVICE |
| 03/29/2016 | PROPOSED ORDER - *ORDER FOR SUBSTITUTED SERVICE* |
| 04/08/2016 | ORDER FOR SUBSTITUTED SERVICE |
| 06/02/2016 | PLAINTIFF'S AMENDED PETITION |
| 06/09/2016 | Request *Request* |
| 06/10/2016 | **Citation** |

Lundvall Enterprises, Inc.
Unserved
*envelope#11077923*

08/22/2016      📄 ANSWER
*Defendants' Original Answer*

08/26/2016      📄 Request
*Defendants' Request for Certified Copies of Pleadings and Case Docket*

Date *August 29 2016*
This is to certify that this is a
true and correct copy.
BRENDA ROWE
District Clerk Wise
County, Texas
By *Janean Kerr*
Deputy

Brenda Rowe, District Clerk
Wise County, Texas
By: Janean Kerr

Exhibit 1-2

Cause No. V16-02-084

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, vs. J AND I LLC and JOSE CHAPARRO, *Defendants*. | § § § § § § § § § § | IN THE ___271___ JUDICIAL DISTRICT COURT WISE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY

Steven Wade, Alex Norris, Adam Norris, and Andrew Norris, Individually, as Wrongful Death Beneficiaries and on Behalf of the Estate of Penny Wade ("Plaintiffs") file this Original Petition complaining of J and I LLC and Jose Chaparro (sometimes collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

**1.00    DISCOVERY CONTROL PLAN**

Pursuant to Texas Rule of Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**2.00    PARTIES**

2.01     Steven Wade is an individual and a citizen of the State of Texas. He is the surviving spouse of Penny Wade, deceased, who was also a citizen and resident of Texas.

2.02     Alex Norris is an individual and a citizen of the State of Texas. He is a surviving biological son of Penny Wade, deceased.

2.03     Adam Norris is an individual and a citizen of the State of Texas. He is a surviving biological son of Penny Wade, deceased.

2.04     Andrew Norris is an individual and a citizen of the State of Texas. He is a surviving biological son of Penny Wade, deceased.

2.05     Defendant, Jose Chaparro is an individual and a citizen of the State of Colorado.

Defendant can be served with process by serving him at his home address, 128 15th Street, Greeley, CO, 80631 or wherever he may be found.

2.06    Defendant J and I LLC is a Colorado limited liability corporation and can be served by serving its registered agent Jose Chaparro at 128 15th Street, Greeley, CO, 80631 or wherever he may be found.

### 3.00    JURISDICTION & VENUE

3.01    Wise County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, section 15.002(a)(1), *et seq*., because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

3.02    The amount in controversy is within jurisdictional limits of this Court. Plaintiffs seek over $1,000,000 in damages.

### 4.00    STATEMENT OF FACTS

4.01    On November 15, 2015, December 23, 2013, Penny Wade was traveling southbound on U.S. 81 in Wise County, Texas. Suddenly and without warning, Penny Wade lost control of her vehicle, which came to rest in the middle of U.S. 81. At this same time, Jose Chaparro was operating a commercial tractor and trailer on the same stretch of roadway heading southbound.

4.02    Despite having more than sufficient time to detect and avoid contacting Penny Wade's disabled vehicle, Jose Chaparro failed to pay attention, took faulty evasive action, and collided with Penny Wade and her vehicle. Penny Wade was killed as a result of the impact.

4.03    At the time of the collision, Jose Chaparro was employed by or the agent acting on behalf of J and I LLC and Jose Chaparro was operating a commercial motor vehicle in the course and scope of his employment and/or agency on behalf of J and I LLC.



**5.00**   **NEGLIGENCE CLAIMS AGAINST DEFENDANT JOSE CHAPARRO**

5.01    At all times relevant to the occurrence in question, Jose Chaparro had a duty to act as a reasonable and prudent motorist would have acted under the same or similar circumstances. Jose Chaparro breached this duty in one or more respects including, but not limited to: failing to maintain a proper lookout, failing to keep his vehicle under control, changing lanes when unsafe and/or failing to maintain a single lane of travel, failing to properly signal a lane change, failing to control speed, failing to act as a reasonably prudent motorist would in the same or similar circumstances, and taking faulty evasive action.

5.02    The above acts and/or omissions were a proximate cause of the collision in question and the resulting injuries and damages sustained by Penny Wade and Plaintiffs.

**6.00**   **NEGLIGENCE CLAIM AGAINST DEFENDANT J and I LLC.**

6.01    Defendant J and I LLC is vicariously liable for the damages proximately caused to Penny Wade and the Plaintiffs by virtue of the negligent conduct of its driver/employee/agent, Jose Chaparro.

6.02    At the time of the subject collision, Jose Chaparro was an employee and/or agent of Defendant J and I LLC Further, Jose Chaparro was acting within the course and scope of his employment and/or agency relationship on behalf of Defendant J and I LLC at the time of the subject incident. That is, Jose Chaparro was acting in furtherance of the business of his employer and/or master.

6.03    Therefore, Defendant J and I LLC is vicariously liable to Plaintiffs for the negligent acts and/or omissions of its employee/agent, Jose Chaparro, on the basis of respondeat superior and/or agency law.

**7.00**   **GROSS NEGLIGENCE**

Plaintiffs further allege that the conduct of Defendants, constitutes gross negligence, as



those terms are defined by Texas law. That is, when viewed objectively from the standpoint of Defendant's vice-principals, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, had an actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

### 8.00  WRONGFUL DEATH CLAIM: STEVEN WADE

8.01    As a direct and proximate result of the negligent acts and/or omissions of Defendants, Plaintiff Steven Wade has suffered substantial damages for which he seeks recovery from Defendants.

8.02    Steven Wade, as the surviving spouse of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his wife, Penny Wade.

### 9.00  WRONGFUL DEATH CLAIM: ALEX NORRIS

Alex Norris, as a surviving son of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his mother, Penny Wade.

### 10.00  WRONGFUL DEATH CLAIM: ADAM NORRIS

Adam Norris, as a surviving son of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his mother, Penny Wade.



### 11.00    WRONGFUL DEATH CLAIM: ANDREW NORRIS

Andrew Norris, as a surviving son of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his mother, Penny Wade.

### 12.00    SURVIVAL CLAIMS

Plaintiffs, as the surviving heirs of Penny Wade, seek survival damages for the conscious pain and mental anguish suffered by Penny Wade before her death, past medical expenses for medical treatment received by Penny Wade for her injuries and the reasonable funeral and burial expenses incurred on behalf of Penny Wade.

### 13.00    COSTS

Plaintiffs also seek recovery for all costs of court, and prejudgment and post-judgment interest in the maximum amounts allowable by law.

### 14.00    PRAYER

Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs recover a judgment over and against the Defendants for the damages as pled herein in amounts the jury determines to be fair and reasonable, and for such other and further relief, at law and in equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Keith C. Purdue

**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiffs*

Cause No: _____

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, | § § § § § § § | IN THE _____ |
| vs. | § | |
| J AND I LLC and JOSE CHAPARRO, *Defendants*. | § § | JUDICIAL DISTRICT COURT |
| | | WISE COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANTS

TO:   Defendants J and I LLC and Jose Chaparro

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request disclosure from Defendant of those items contained in 194.2(a)-(l). Upon service of citation, along with this Original Petition, Defendant is required to respond to this Request for Disclosure within FIFTY (50) days hereafter.

Respectfully submitted,

*/s/ Keith C. Purdue*
_____
**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiffs*



Cause No: _____

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, | § § § § § | IN THE _____ |
| *Plaintiffs,* | § | JUDICIAL DISTRICT COURT |
| vs. | § | |
| J AND I LLC and JOSE CHAPARRO, | § | |
| *Defendants.* | § | WISE COUNTY, TEXAS |

## PLAINTIFF STEVEN WADE'S FIRST INTORROGATORIES TO JOSE CHAPARRO

TO:   Defendant Jose Chaparro

Pursuant to rule 197.2(a) of the Texas Rules of Civil Procedure, you are requested to respond to the written discovery as set out below herein within fifty (50) days from the date of service.

### DEFINITIONS & INSTRUCTIONS

As used herein, the words, defined below shall be deemed to have the following meanings unless indicated otherwise in an individual discovery request.

**Statement:** The term "Statement" as used in these requests shall mean (a) a written statement signed or otherwise adopted or approved by the person making it, and (b) stenographic, mechanical, electrical, or other type of recording, or any transcription, which is a substantial verbatim recital of a statement make by the person and contemporaneously recorded.

**Possession/Custody/Control:** The terms "Possession", "custody", or "control" shall include, constructive possession such that the person need not have actual possession. As long as the person has a superior right to compel the production from the third-party (including an agency, authority, or representative), the person has possession, custody, or control.

**Persons with Relevant Knowledge:** The term "Persons with relevant knowledge" shall include a person that has or may have knowledge of any discoverable matter. The information need not be admissible in order to satisfy the requirements of Rule 196 of the Texas Rules of Civil Procedure and personal knowledge is not required.

**Settlement:** The term "Settlement" shall mean any oral or written, disclosed or undisclosed, agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal," "understanding," loan agreement, credit agreement, contingent settlement, limitation on the amount of liability or judgment, or promise by or between Plaintiff and any party or potential party where Plaintiff has in any way released or compromised in whole or in part, directly or



indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after, or during trial before or after any jury verdict that is returned in this lawsuit or a judgment is entered or rendered in this lawsuit.

**Discovery Request:** The term "Discovery Request" includes, but is not limited to an interrogatory, request for admission, and request for production of documents.

**Representative:** The term "representative" means any and all agents, employees, servants, officers, directors, or other natural persons or business or legal entities acting or purporting to act on behalf of the person in question, whether authorized to do so or not, with respect to the matter, subject matter, information, document, item, or tangible thing requested.

**Counsel:** The term "counsel" means the attorney(s) or law firm(s) retained to represent a party.

**Person:** The term "person" or "persons" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not being limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state, governmental agency, commission/Department of Insurance, bureau, department or any other entity.

**Document:** the terms "document", "documents", "documentation" include, but are not limited to: papers; books; accounts; drawings; graphs; charts; photographs; electronic or videotape recordings; data; and date compilations; writings of every kind, source and authorship; correspondence, records; negotiable instruments; communications and depictions in words, symbols, pictures, sound recordings, films, tapes; information stored in, or accessible through, computer or other information storage or retrieval systems; discovery responses, depositions or other discovery materials produced, disclosed, or made regarding any legal proceeding; statements; pleadings; pleadings; reports; citations; or writings. The terms include originals, drafts and non-identical copies of such documents. Any copy of any "document", any alterations, notes, comments, or other material not included in the originals or copies referred to above shall be deemed a separate document.

Additionally, as to production of electronic data, of documents, of photographs, and of recordings:

(i) Any and all *data or information which is in electronic or magnetic form* should be produced in the following form: (a) in written or printed form, and (b) in a finished useable form, which would include all necessary glossaries keys and indices for use and interpretation of the material.

(ii) In connection with:

a. Production of *documents*, the Propounding Party requests that true and correct copies be provided in lieu of production of the originals, and in such event Propounding Party shall reimburse for the reasonable cost of copies;

b. Production of *photographs*, the Propounding Party requests that true and correct color copies be provided in lieu of production of the originals, and in such event Propounding Party shall reimburse for the reasonable cost of copies;

c. Production of recordings of any kind, whether they are oral, taped, or recorded statements, or recordings of an audio or visual nature, etc., Propounding Party



requests that true and correct recording copies be provided in lieu of production of the originals, and in such event Propounding Party shall reimburse for the recognizable costs of copies.

**Genuine:** The term "genuine" means free of forgery or counterfeiting. [See Tex. Bus. & Com. Code Ann. Sec. 1.201(18) (Vernon 1968)] To admit that a document is "genuine" is to admit that it is the document it purports to be.

**Authentic:** The term "authentic" means with respect to a writing or document that it is a true and correct copy of the document or writing and that the writing or document is in fact what it purports to be.

**Business Record:** The term "business record" means business record as defined and stated in Tex. R. Evid. 803(6).

**Communication:** the term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and/or all other understandings between or among two or more persons.

**Photograph:** The terms "photograph" and "photographs" mean and include photographs, pictures, motion pictures, movies, films, videos, magnetically, electronically, digitally, as well as, chemically created or maintained images of any kind, as well as, photographic material of any kind.

**Lost or Destroyed Documents:** If it is claimed that any document, item or tangible thing has been lost, destroyed, or was once in your possession, custody or control but is no longer; then for each such documents, item or tangible thing, please so note in your response.

**Privileged Information or Material:** Unless specified, these discovery requests should not be read to request work product, privileged oral and written communications between the attorney and their client, or non-discoverable consulting experts (i.e. information or materials exempt from discovery via Tex. R. Civ. P. 192.3 (e), 192.5, Tex. R. Evid. 503.) The Propounding Party's counsel in good faith invites Responding Party's counsel to contact Propounding Party's counsel should Responding Party's counsel believe that a protective order is necessary regarding production or use of any of the information and/or documents, items or tangible things requested herein.

**Withholding of Information, Documents, Items, or Tangible Things, and Claims of Privilege:** If you claim or contend that you are entitled to withhold from production any or all information, documents, items or tangible things, indentified herein on the basis of the attorney/client privilege, the work-product doctrine, or other ground, then with respect to information, documents, items or tangible things, please comply with Tex. R. Civ. P. 193.3(a), including but not limited to notice requirements, identification of the discovery request to which it relates, and the privilege(s) asserted.

**The Word "Or":** As used herein, the word "or" appearing in a discovery request should not be read so as to eliminate any part of the request, but, whenever applicable, it should be interpreted

---



as "and/or". For example, an interrogatory stating "support or refer" should be read as "support and/or refer" if an answer that does both can be made.

**Time Period:** Unless a specific date or dates are set forth in any specific requests herein, you are directed that each discovery request shall be answered for the period of time up to and including the present date, through the date of the responses to discovery requests, and thereafter through trial. If after responding, responsive information or materials come into the possession of or within the possession, custody or control of the Responding Party, they are under a duty to timely amend or supplement pursuant to Rule 193.5 of the Texas Rules of Civil Procedure.

**Ambiguity:** Propounding Party's counsel in good faith invites Responding Party's counsel to contact Propounding Party's counsel should they believe that any of the discovery requests are ambiguous or, in the pursuit of judicial economy, should be more narrowly tailored and still provide the salient information and/or items. Propounding Party's counsel asks that such request be made in good faith and not to engage in gamesmanship or to limit or secret the discovery of responsive information and/or items.

**Requests for interrogatories:** If the Responding Party or their counsel is of the opinion that the interrogatories exceed the allowed number (exclusive of identification and authenticity interrogatories), then you are required to answer the allowed number and note your objection to the remaining; and Propounding Party's counsel in good faith invites Responding Party's counsel to contact Propounding Party's counsel to discuss such issue in advance.

<u>**Unless otherwise indicated by the inquiry or request, as used herein:**</u>

**Propounding Party(ies):** As used herein, "Propounding Party" means the party(ies) who propounded the subject discovery.

**Responding Party(ies):** As used herein, "Responding Party" means the party(ies) objecting to and/or providing discovery responses to the subject discovery.

**Plaintiffs:** As used herein, the term "Plaintiffs" refers to Steven Wade, Alex Norris, Adam Norris, and Andrew Norris, Individually, as wrongful death beneficiaries and on behalf of the Estate of Penny Wade and includes, as applicable Plaintiffs' agents, employees, representatives and/or assigns.

**Defendant / Jose Chaparro:** As used herein, the term "Defendant" refers to Jose Chaparro, who is a defendant party in this suit, and, as applicable, includes his agents, employees, representatives, assigns and affiliates.

**Incident/Accident/Occurrence/Occurrence in Question:** As used herein, the term, "the incident", "the accident", "the occurrence", and "the occurrence in question" refer to the alleged event complained of in Plaintiff's Petition.

**Negligent / Negligence:** As used herein, the term, "negligent" and "negligence" mean the failure to use ordinary care, that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.



**Ordinary Care:** As used herein, the term, "ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**Proximately Caused / Proximate Cause:** As used herein, "proximately caused" and "proximate cause" mean that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and, in order to be a proximate cause, the act or omission complained of must be such that a person using "ordinary care" would have foreseen that the event, or some similar event, might be a reasonable result therefrom.

## INTERROGATORIES

1.    Please state the following:

   a.    Your name (including all names or aliases by which you have ever been known), address, date of birth, social security number, driver's license number and the name and addresses of your spouse and all ex-spouses;

   b.    List the state(s) and all driver's license numbers for all licenses issued to you for the five (5) year period preceding the collision in question;

   c.    The name and address of your employer at the time of the collision in question;

   d.    Your job description and position with J and I LLC on the date in question; and

   e.    The individual(s) for J and I LLC who supervised or had authority to supervise the details of how you performed your work.

   **ANSWER:**

2.    With regard to the purpose of your travels on the date in question, please state the following:

   a.    The point and time of the origination of your travel;

   b.    Please state every place you stopped from the time your trip originated and why;

   c.    Describe your route of travel;

   d.    Describe all facts that you can recall leading up to the point of the collision in question, relative to the last ten (10) miles traveled by you before the collision in question.

   **ANSWER:**

3.    Were you acting within the course and scope of your employment with J and I LLC at the time of the collision in question? That is, were you acting in the furtherance of the business of J and I LLC at the time of the collision in question.

   **ANSWER:**



4.  Describe in your own words how the accident in question occurred and state specifically what you claim or contend was the cause or contributing cause of the collision in question, including a brief statement of the facts or information upon which such contention is based.

**ANSWER:**

5.  Please state the sequence of events leading up to the accident in question, including, but not limited to, the speed of your truck in the 1-2 minutes preceding the collision, the speed of your truck at the time of the accident, the location of your truck at the time of the accident and whether you applied your brakes prior to the collision.

**ANSWER:**

6.  Please identify all intoxicating beverages you consumed and all drugs and medications you took or which had been administered to you for the 48-hour period preceding the collision in question.

**ANSWER:**

7.  Please identify all lawsuits or any other legal proceedings in which you have been a party or witness (civil or criminal) by stating the name and style of each case, the case number, and identify the party or parties involved, the date of the filings of the case or claim, the name and address of the attorney for the opposing party or parties, and the nature and result of each charge, suit or claim, including the dollar amount of any payment, judgment, settlement, fine or penalty.

**ANSWER:**

8.  With regard to the commercial motor vehicle in question, please state:

    a.  The name, address and telephone numbers of all passengers, specifying who was driving, and where the passengers were seated and what they were doing in the minutes leading up to the collision in question;

    b.  The name and address of the owner;

    c.  The date and place the vehicle was last services, inspected and/or repaired by anyone before the collision in question; and

    d.  All conditions of the vehicle (mechanical, electrical, hydraulic, structural, brakes and/or design), if any, which you contend caused or contributed to cause the collision in question and the factual basis for any such contention.

**ANSWER:**

9.  Do you contend that there was any defect in the roadway that caused or contributed to the cause of the collision in question? If so, please set forth all facts that support such a contention.

**ANSWER:**

10.     Do you contend that any weather conditions caused or contributed to the cause of the collision in question? If so please set forth all facts that support such a contention.

**ANSWER:**

11.     Did you have a valid commercial driver's license (CDL) to operate the commercial motor vehicle in question at the time of the collision in question? If so, please describe it as to type, license number, state of issuance, and any restrictions thereon, and if the license has ever been suspended, modified or revoked, give the detail of such. If you did not have a commercial driver's license (CDL), please explain why.

**ANSWER:**

12.     Do you allege that someone else's conduct or some other condition or event caused or contributed to cause the collision in question? If so, please describe the identity of such other person, event or condition, and state all facts that support such a contention.

**ANSWER:**

13.     Please describe all conversations you had with any of the occupant(s) of the vehicle(s) you collided with in the collision in question, or with their representatives following the collision in question.

**ANSWER:**

14.     Have you ever been arrested? If so, please state when each arrest occurred, what county and state it occurred in, the reason for the arrest, the charges, the disposition (i.e. dismissed, convicted, plea bargain), and any fines or jail sentence received.

**ANSWER:**

15.     Please state the name and address of each employer for whom you have worked for ten (10) years preceding the collision in question to the present, including the dates of employment, the reason for leaving any listed employment, your job duties, your rate of pay and your supervisor.

**ANSWER:**

16.     Describe all evaluations, promotions, demotions, change of title or position, pay raises and/or disciplinary actions that you received from your employer at the time of the collision in question, including the dates of the change of title or position and the names of all persons responsible for said evaluations, promotions, demotions, raises, changes in title or position, and/or disciplinary actions, from the time you began employment through the present.

**ANSWER:**

17.     Please identify all accidents in which you have been involved in and all citations and/or moving violations which you have received for the ten (10) years prior to the collision in

question through the present.

For purposes of this interrogatory, identify means: (a) the dates of the accidents/citations; (b) the nature of the accidents/citations; (c) the disposition of the citations; (d) the location of the accidents; (e) the parties involved in the accidents; and (f) the identity of any police officers who arrived at the scene and/or wrote the police report.

### ANSWER:

18.     If you submitted to a test for alcohol and controlled substances following the collision in question, then please state the following. If you did not submit to such testing, please explain why?

  a.  The date and time such test was administered;

  b.  The name, address and telephone number of the person or facility that administered such test;

  c.  The person(s) who instructed you to submit to such testing; and

  d.  The results of such tests.

### ANSWER:

19.     Do you contend that Penny Wade did anything wrong or improper that caused or contributed to the cause of the collision in question? If so, then please describe what you contend he did wrong or improper, and how any such actions and/or inactions caused or contributed to the cause of the collision in question.

### ANSWER:

20.     Do you contend that the collision in question was caused, in whole or in part, by acts and/or omissions by a third party? If so, then please identify the name, address and telephone number of any such third party, and describe all such acts or inactions on their part that you contend caused or contributed to cause the collision in question.

### ANSWER:

21.     Do you contend that you did anything wrong or improper that caused or contributed to cause the collision in question? If so, then please describe what you contend you did wrong or improper, and how any such actions and/or inactions caused or contributed to cause the collision in question.

### ANSWER:

22.     Did J and I LLC determine or inform you that the collision in question was deemed "preventable"? If so, then please state the name, address, telephone number and position with J and I LLC of the person(s) who informed you of such determination and what they told you.

**ANSWER:**

23.      Were you terminated, fired, let go, asked to leave or anything else that led to your leaving the employment of J and I LLC after the collision in question? If so, who informed you of such event and what reasons were you given?

**ANSWER:**

24.      Please describe all health conditions you had at the time of the collision in question and for the six (6) months prior, including, the condition you had, whether you took any medication for it and what you took, and the name, address and telephone numbers of all doctors, clinics, hospitals or healthcare providers you saw for any such condition.

**ANSWER:**

Respectfully submitted,

*/s/ Keith C. Purdue*

**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiffs*



Cause No: _____

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, vs. J AND I LLC and JOSE CHAPARRO, *Defendants*. | § § § § § § § § § § | IN THE _____ JUDICIAL DISTRICT COURT WISE COUNTY, TEXAS |

## PLAINTIFF STEVEN WADE'S FIRST REQUESTS
## FOR PRODUCTION TO JOSE CHAPARRO

TO:     Defendant Jose Chaparro

Pursuant to rule 196 of the Texas Rules of Civil Procedure, you are requested to respond

to the written discovery as set out below herein within fifty (50) days from the date of service.

### DEFINITIONS & INSTRUCTIONS

As used herein, the words, defined below shall be deemed to have the following

meanings unless indicated otherwise in an individual discovery request.

**Statement:** The term "Statement" as used in these requests shall mean (a) a written statement signed or otherwise adopted or approved by the person making it, and (b) stenographic, mechanical, electrical, or other type of recording, or any transcription, which is a substantial verbatim recital of a statement make by the person and contemporaneously recorded.

**Possession/Custody/Control:** The terms "Possession", "custody", or "control" shall include, constructive possession such that the person need not have actual possession. As long as the person has a superior right to compel the production from the third-party (including an agency, authority, or representative), the person has possession, custody, or control.

**Persons with Relevant Knowledge:** The term "Persons with relevant knowledge" shall include a person that has or may have knowledge of any discoverable matter. The information need not be admissible in order to satisfy the requirements of Rule 196 of the Texas Rules of Civil Procedure and personal knowledge is not required.

**Settlement:** The term "Settlement" shall mean any oral or written, disclosed or undisclosed, agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement," "deal," "understanding," loan agreement, credit agreement, contingent settlement, limitation on the amount of liability or judgment, or promise by or between Plaintiff and any party or potential party where Plaintiff has in any way released or compromised in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit



whether before, after, or during trial before or after any jury verdict that is returned in this lawsuit or a judgment is entered or rendered in this lawsuit.

**Discovery Request:** The term "Discovery Request" includes, but is not limited to an interrogatory, request for admission, and request for production of documents.

**Representative:** The term "representative" means any and all agents, employees, servants, officers, directors, or other natural persons or business or legal entities acting or purporting to act on behalf of the person in question, whether authorized to do so or not, with respect to the matter, subject matter, information, document, item, or tangible thing requested.

**Counsel:** The term "counsel" means the attorney(s) or law firm(s) retained to represent a party.

**Person:** The term "person" or "persons" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not being limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, state, governmental agency, commission/Department of Insurance, bureau, department or any other entity.

**Document:** the terms "document", "documents", "documentation" include, but are not limited to: papers; books; accounts; drawings; graphs; charts; photographs; electronic or videotape recordings; data; and date compilations; writings of every kind, source and authorship; correspondence, records; negotiable instruments; communications and depictions in words, symbols, pictures, sound recordings, films, tapes; information stored in, or accessible through, computer or other information storage or retrieval systems; discovery responses, depositions or other discovery materials produced, disclosed, or made regarding any legal proceeding; statements; pleadings; pleadings; reports; citations; or writings. The terms include originals, drafts and non-identical copies of such documents. Any copy of any "document", any alterations, notes, comments, or other material not included in the originals or copies referred to above shall be deemed a separate document.

Additionally, as to production of electronic data, of documents, of photographs, and of recordings:

(iii) Any and all *data or information which is in electronic or magnetic form* should be produced in the following form: (a) in written or printed form, and (b) in a finished useable form, which would include all necessary glossaries keys and indices for use and interpretation of the material.

(iv) In connection with:

a. Production of *documents*, the Propounding Party requests that true and correct copies be provided in lieu of production of the originals, and in such event Propounding Party shall reimburse for the reasonable cost of copies;

b. Production of *photographs*, the Propounding Party requests that true and correct color copies be provided in lieu of production of the originals, and in such event Propounding Party shall reimburse for the reasonable cost of copies;

c. Production of recordings of any kind, whether they are oral, taped, or recorded statements, or recordings of an audio or visual nature, etc., Propounding Party requests that true and correct recording copies be provided in lieu of production



of the originals, and in such event Propounding Party shall reimburse for the recognizable costs of copies.

**Genuine:** The term "genuine" means free of forgery or counterfeiting. [See Tex. Bus. & Com. Code Ann. Sec. 1.201(18) (Vernon 1968)] To admit that a document is "genuine" is to admit that it is the document it purports to be.

**Authentic:** The term "authentic" means with respect to a writing or document that it is a true and correct copy of the document or writing and that the writing or document is in fact what it purports to be.

**Business Record:** The term "business record" means business record as defined and stated in Tex. R. Evid. 803(6).

**Communication:** the term "communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and/or all other understandings between or among two or more persons.

**Photograph:** The terms "photograph" and "photographs" mean and include photographs, pictures, motion pictures, movies, films, videos, magnetically, electronically, digitally, as well as, chemically created or maintained images of any kind, as well as, photographic material of any kind.

**Lost or Destroyed Documents:** If it is claimed that any document, item or tangible thing has been lost, destroyed, or was once in your possession, custody or control but is no longer; then for each such documents, item or tangible thing, please so note in your response.

**Privileged Information or Material:** Unless specified, these discovery requests should not be read to request work product, privileged oral and written communications between the attorney and their client, or non-discoverable consulting experts (i.e. information or materials exempt from discovery via Tex. R. Civ. P. 192.3 (e), 192.5, Tex. R. Evid. 503.) The Propounding Party's counsel in good faith invites Responding Party's counsel to contact Propounding Party's counsel should Responding Party's counsel believe that a protective order is necessary regarding production or use of any of the information and/or documents, items or tangible things requested herein.

**Withholding of Information, Documents, Items, or Tangible Things, and Claims of Privilege:** If you claim or contend that you are entitled to withhold from production any or all information, documents, items or tangible things, indentified herein on the basis of the attorney/client privilege, the work-product doctrine, or other ground, then with respect to information, documents, items or tangible things, please comply with Tex. R. Civ. P. 193.3(a), including but not limited to notice requirements, identification of the discovery request to which it relates, and the privilege(s) asserted.

**The Word "Or":** As used herein, the word "or" appearing in a discovery request should not be read so as to eliminate any part of the request, but, whenever applicable, it should be interpreted as "and/or". For example, an interrogatory stating "support or refer" should be read as "support



and/or refer" if an answer that does both can be made.

**Time Period:** Unless a specific date or dates are set forth in any specific requests herein, you are directed that each discovery request shall be answered for the period of time up to and including the present date, through the date of the responses to discovery requests, and thereafter through trial. If after responding, responsive information or materials come into the possession of or within the possession, custody or control of the Responding Party, they are under a duty to timely amend or supplement pursuant to Rule 193.5 of the Texas Rules of Civil Procedure.

**Ambiguity:** Propounding Party's counsel in good faith invites Responding Party's counsel to contact Propounding Party's counsel should they believe that any of the discovery requests are ambiguous or, in the pursuit of judicial economy, should be more narrowly tailored and still provide the salient information and/or items. Propounding Party's counsel asks that such request be made in good faith and not to engage in gamesmanship or to limit or secret the discovery of responsive information and/or items.

**Requests for interrogatories:** If the Responding Party or their counsel is of the opinion that the interrogatories exceed the allowed number (exclusive of identification and authenticity interrogatories), then you are required to answer the allowed number and note your objection to the remaining; and Propounding Party's counsel in good faith invites Responding Party's counsel to contact Propounding Party's counsel to discuss such issue in advance.

<u>**Unless otherwise indicated by the inquiry or request, as used herein:**</u>

**Propounding Party(ies):** As used herein, "Propounding Party" means the party(ies) who propounded the subject discovery.

**Responding Party(ies):** As used herein, "Responding Party" means the party(ies) objecting to and/or providing discovery responses to the subject discovery.

**Plaintiffs:** As used herein, the term "Plaintiffs" refers to Steven Wade, Alex Norris, Adam Norris, and Andrew Norris, Individually, as wrongful death beneficiaries and on behalf of the Estate of Penny Wade and includes, as applicable Plaintiffs' agents, employees, representatives and/or assigns.

**Defendant / Jose Chaparro:** As used herein, the term "Defendant" refers to Jose Chaparro, who is a defendant party in this suit, and, as applicable, includes his agents, employees, representatives, assigns and affiliates.

**Incident/Accident/Occurrence/Occurrence in Question:** As used herein, the term, "the incident", "the accident", "the occurrence", and "the occurrence in question" refer to the alleged event complained of in Plaintiff's Petition.

**Negligent / Negligence:** As used herein, the term, "negligent" and "negligence" mean the failure to use ordinary care, that is failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.



**Ordinary Care:** As used herein, the term, "ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**Proximately Caused / Proximate Cause:** As used herein, "proximately caused" and "proximate cause" mean that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and, in order to be a proximate cause, the act or omission complained of must be such that a person using "ordinary care" would have foreseen that the event, or some similar event, might be a reasonable result therefrom.

## REQUESTS FOR PRODUCTION

1.    A copy of the front and back of all driver's licenses held by you, including all commercial driver's licenses.

   **RESPONSE:**

2.    A copy of all maintenance records, repair orders, warranty work orders and service records pertaining to the subject commercial motor vehicle for the 6 month period preceding the collision in question.

   **RESPONSE:**

3.    A copy of all documents referred to in answering Plaintiff's First Set of Interrogatories to you, identifying which documents were used to answer each respective interrogatory.

   **RESPONSE:**

4.    A copy of all drawings, maps or sketches of the scene of the collision in question that you may use at the trial of this case.

   **RESPONSE:**

5.    A color copy of all exhibits you intend to offer at trial.

   **RESPONSE:**

6.    A copy of all checklists, logs or other written documents evidencing all pre-trip inspections of the subject commercial motor vehicle for the 30 day period preceding the collection in question.

   **RESPONSE:**

7.    A color copy of all written policies and procedures, employment handbooks and/or employment manuals that you received when you first hired on with/became employed by J and I LLC and which you received during your employment with them.

   **RESPONSE:**

8.    A color copy of all training manuals or other written training materials that you received



while employed with J and I LLC

**RESPONSE:**

9.      True and complete copies of all surveillance reports, investigative notes, photographs, movies and/or videotapes taken during any investigation, or surveillance of Intervenors at any time prior to the trial of this case.

**RESPONSE:**

10.     All incident/accident reports for any accident you were involved in for the 5 year period preceding the collision in question.

**RESPONSE:**

11.     All documents given to you during your employment with J and I LLC regarding any corrective actions to be taken in response to any state and/or federal agencies' findings concerning J and I LLC' business operations for the 5 year period preceding the collision in question through the present.

**RESPONSE:**

12.     A copy of any alcohol and/or controlled substance test that you submitted to as a result of the collision in question.

**RESPONSE:**

13.     All documents relating to, pertaining to, referencing or documenting any review of the collision in question by your employer to determine whether the accident was preventable.

**RESPONSE:**

14.     Please produce all printouts of the Electronic Control Module from the commercial motor vehicle in questions following the subject collision.

**RESPONSE:**

15.     Please produce a color copy of all post-accident photographs and videotapes of the commercial motor vehicle in question.

**RESPONSE:**

16.     Please produce a color copy of all post-accident photographs and videotapes of Penny Wade's vehicle that was in that was involved in the collision in question.

**RESPONSE:**

17.     Please produce a color copy of all post-accident photographs and videotapes of the area and scene of the collision in question.



**RESPONSE:**

18.   Please produce for copying, photographing and/or inspection all physical evidence that you have preserved arising from the collision in question.

**RESPONSE:**

19.   Please produce a color copy of all news articles that you obtained regarding the collision in question.

**RESPONSE:**

20.   Please produce a copy of all 911 tapes, transcripts or call logs pertaining to the collision in question.

**RESPONSE:**

21.   A copy of all ISO (International Standards Organization) standards, policies and procedures that you were given during your employment with J and I LLC

**RESPONSE:**

22.   All documents pertaining to, referencing or relating to any determination by J and I LLC or any of its employees or representatives, that the collision in question was "preventable".

**RESPONSE:**

23.   All documents pertaining to any reprimands, corrective actions, counseling or termination you received during your employment with J and I LLC

**RESPONSE:**

24.   A copy of your Driver's Daily Logs for the day of the incident and thirty days prior to the incident.

**RESPONSE:**

25.   A copy of all sign-in sheets for any safety meetings or training sessions attended by you for the 3 year period preceding the collision in question.

**RESPONSE:**

26.   A copy of all handouts, overhead slides, power point presentations or other written or visual materials that were given to you or presented to you at any safety meeting or training sessions you attended for the 3 year period preceding the collision in question.

**RESPONSE:**

27.   Please produce for inspection and copying the original of all Federal Motor Carrier



Safety Regulations books and pocketbooks you have.

**RESPONSE:**

28.    A copy of all notes, memos, correspondence, e-mails, Qualcomm messages, diaries or other documents relating or pertaining to the collision in question.

**RESPONSE:**

29.    A copy of all awards, certificates or other written materials regarding your driving qualifications/experience/training/performance for the past 10 years.

**RESPONSE:**

30.    Please produce for inspection and download any and all mobile communication devices, including but not limited to cell phones and pagers in your vehicle at the time of the incident.

**RESPONSE:**

31.    Detailed phone call logs showing all incoming and outgoing calls, texts, and e-mails for the day of the incident.

**RESPONSE:**

Respectfully submitted,

*/s/ Keith C. Purdue*

**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiffs*

Exhibit 1-3

## CITATION
### THE STATE OF TEXAS

Date August 29, 2016
This is to certify that this is a
true and correct copy.
**BRENDA ROWE**
District Clerk Wise
County, Texas
By _Janean Kerr_
Deputy

TO:  JOSE CHAPARRO
128 15th Street
Greeley CO 80631

Greetings.

You are hereby commanded to appear by filing a written answer to the plaintiff's petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 271st Judicial District Court of Wise County, Texas at the courthouse of said County in Decatur, Texas.

Said Plaintiff's petition was filed in said court. on February 02, 2016 numbered and styled

CV16-02-084
**Steven Wade, Alex Norris, Adam Norris**
**And Andrew Norris**
vs
**Jose  Chaparro and J and I LLC**

The name and address of the attorney or party requesting the citation is:

KEITH C. PERDUE;
GROSSMAN LAW OFFICE
12240 INWOOD RD. SUITE 500
DALLAS TX 75244

A copy of the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY accompanies this citation.

**NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Issued and given under my hand and seal of said Court, at the office in Decatur, Texas, on this the 2nd day of February, 2016.

Brenda Rowe
Wise County District Clerk
P.O. Box 308
Decatur, Texas 76234

By _Janean Kerr_ _____ Deputy Clerk
Janean Kerr

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### OFFICER'S RETURN

Came  to  hand  on  the  _____  day  of  _____, 20_____  at  _____  o'clock ____.m.  Executed at _____, within the County of _____ at _____ o'clock _____.m. on the _____ day of _____, 20____, by delivering to the within named _____, in person. a true copy of this process together with the accompanying copy of the instrument being served, having first attached such copy of such instrument to such copy of process and endorsed on such copy of process the date of delivery.
    Not executed, the diligence used to execute being _____; for the reason _____, defendant  may  be  found

_____
SIGNATURE OF AUTHORIZED PERSON SERVING PROCESS

_____ COUNTY, TEXAS

BY_____DEPUTY

Fee for serving this process $_____

Exhibit 1-4

## CITATION
## THE STATE OF TEXAS

Date *August 29, 2016*
This is to certify that this is a true and correct copy.
**BRENDA ROWE**
**District Clerk Wise**
**County, Texas**
By *Janeankes*
Deputy

TO:  J AND I, LLC
128 15th Street
Greeley CO  80631

Greetings.
You are hereby commanded to appear by filing a written answer to the plaintiff's petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 271st Judicial District Court of Wise County, Texas at the courthouse of said County in Decatur, Texas.

Said Plaintiff's petition was filed in said court, on February 02, 2016 numbered and styled

**CV16-02-084**
**Steven Wade, Alex Norris, Adam Norris**
**And Andrew Norris**
vs
**Jose Chaparro and J and I LLC**

The name and address of the attorney or party requesting the citation is:

KEITH C. PERDUE:
GROSSMAN LAW OFFICE
12240 INWOOD RD. SUITE 500
DALLAS TX  75244

A copy of the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY accompanies this citation.

**NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Issued and given under my hand and seal of said Court, at the office in Decatur, Texas, on this the 2nd day of February, 2016.

Brenda Rowe
Wise County District Clerk
P.O. Box 308
Decatur, Texas 76234

By *Janeay Kerr* _____ Deputy Clerk
Janean Kerr

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OFFICER'S RETURN

Came  to  hand  on  the  _____  day  of  _____,  20_____  at  _____  o'clock  ____.m.  Executed  at
_____  within the County of  _____  at  _____  o'clock  ____.m. on the  _____  day of
_____, 20____, by delivering to the within named _____, in person, a true copy of this process together with the accompanying copy of the instrument being served, having first attached such copy of such instrument to such copy of process and endorsed on such copy of process the date of delivery.
    Not executed, the diligence used to execute being _____: for the reason
_____, defendant may be found
_____.

_____
SIGNATURE OF AUTHORIZED PERSON SERVING PROCESS

_____ COUNTY, TEXAS

BY_____DEPUTY

Fee for serving this process $_____

Exhibit 1-5

Filed 8/29/2016 10:18:57 AM
Brenda Rowe, District Clerk
Wise County, Texas
By: Janean Kerr

Date August 29 2016

This is to certify that this is a
true and correct copy.
BRENDA ROWE
District Clerk Wise
County, Texas
By_____
Deputy

Cause No: CV16-02-84

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, vs. J AND I LLC and JOSE CHAPARRO, *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE 271ST<br><br><br>JUDICIAL DISTRICT COURT<br><br><br>WISE COUNTY, TEXAS |

---

## PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE UNDER T.R.C.P. 106(B)

---

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, Steven Wade, Alex Norris, Adam Norris, and Andrew Norris, Individually, as wrongful death beneficiaries, and on behalf of the Estate of Penny Wade, Plaintiffs in the above styled and numbered cause, and make this Motion for Substituted Service of Process on J and I, LLC and Jose Chaparro, and in support thereof shows:

### I.

Defendant, Jose Chaparro is an individual and a citizen of the State of Florida. Defendant can be served with process by serving him at his home address, 1217 Oak Avenue, Leigh Acres, Florida 33972, or wherever he may be found.

Defendant J and I LLC is a Colorado limited liability corporation and can be served by serving its registered agent Jose Chaparro at 128 15th Street, Greeley, CO, 80631 or wherever he may be found.

---

II.

As detailed in Exhibit "A" and Exhibit B, the Plaintiffs' process server attempted to serve the Defendant on multiple occasions, to no avail. The alleged business address in Greeley, Colorado is in actuality, a vacant lot. Plaintiffs' process server then attempted service at his home in Lehigh Acres, Florida. The alleged home address in Florida is a vacant home.

Plaintiffs counsel has been in communication with counsel for the Defendants and has requested information that would aid in the service of the citations. To date, we have been unable to arrange service with Defendants' counsel.

Consequently, Plaintiffs are requesting assistance under the Rule of Substitute Service, T.R.C.P. 106. Plaintiffs request that the Court order service upon the Defendant by permitting service on anyone over the age of sixteen (16) at Jose Chaparro's home address or business address, or in such a manner that the Court finds will be reasonably effective to give the Defendants notice of this suit.

**WHEREFORE,** Plaintiffs request that the Court order service upon the Defendants by permitting service on anyone over the age of sixteen (16) at Jose Chaparro's home address or business address or in such a manner that the Court finds will be reasonably effective to give the Defendants notice of this suit, and that a true copy of such Order for Substituted Service Under Rule 106 be attached to and included with the Citation and Petition to be so served.

Respectfully submitted,

*/s/ Keith Purdue*

**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiff*

## CITATION
## THE STATE OF TEXAS

TO:   J AND I , LLC
128 15th Street
Greeley CO  80631

Greetings,
You are hereby commanded to appear by filing a written answer to the plaintiff's petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 271st Judicial District Court of Wise County, Texas at the courthouse of said County in Decatur, Texas.

Said Plaintiff's petition was filed in said court, on February 02, 2016 numbered and styled

**CV16-02-084**
**Steven Wade, Alex Norris, Adam Norris**
**And Andrew Norris**
vs
**Jose  Chaparro and J and I LLC**

The name and address of the attorney or party requesting the citation is:

KEITH C. PERDUE;
GROSSMAN LAW OFFICE
12240 INWOOD RD. SUITE 500
DALLAS TX  75244

A copy of the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY accompanies this citation.

**NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Issued and given under my hand and seal of said Court, at the office in Decatur, Texas, on this the 2nd day of February, 2016.

Brenda Rowe
Wise County District Clerk
P.O. Box 308
Decatur, Texas 76234

By _Janean Kerr_                                    Deputy Clerk
            Janean Kerr

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**OFFICER'S RETURN**

Came  to  hand  on  the  _____  day  of  _____, 20_____ at . _____  o'clock ____.m.  Executed at _____ within the County of _____ at _____ o'clock ____.m. on the _____ day of _____, 20____, by delivering to the within named _____, in person, a true copy of this process together with the accompanying copy of the instrument being served, having first attached such copy of such instrument to such copy of process and endorsed on such copy of process the date of delivery.
    Not executed, the diligence used to execute being _____; for the reason _____, defendant   may   be   found _____.

_____
SIGNATURE OF AUTHORIZED PERSON SERVING PROCESS

_____ COUNTY, TEXAS

BY_____DEPUTY

Fee for serving this process $_____

PLAINTIFF'S
EXHIBIT

## AFFIDAVIT OF NON-SERVICE

State of Texas                          County of WISE                          District Court

Case Number: CV16-02-084   Court Date: 3/26/2016

Plaintiff:
**STEVEN WADE, et al.**

vs.

Defendant:
**JOSE CHAPARRO AND J AND I LLC.**

For:
Grossman Law Office, P.C.
12240 Inwood Rd.
Suite 500
Dallas, TX 75244

Received by Retrieve Legal Services on the 16th day of March, 2016 at 3:40 pm to be served on **J AND I, LLC BY SERVING JOSE CHAPARRO, 1217 OAK AVENUE, LEHIGH ACRES, FL 33972.**

I, Chelsea Wahl #205385, being duly sworn, depose and say that on the **23rd day of March, 2016** at **5:00 pm, I:**

**NON-SERVED the CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY** for the reason that I failed to find **J AND I, LLC BY SERVING JOSE CHAPARRO** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
3/18/2016  7:50 pm  Attempted Service. 1217 Oak Avenue, Lehigh Acres, FL 33972. All dark; no vehicles; no answer. For sale realtor sign on property - Realtor: Domaine Realty.
3/21/2016  8:00 am  Attempted Service. 1217 Oak Avenue, Lehigh Acres, FL 33972. House is vacant.  Server called realtor Christina Ruud 239-223-4376, and she confirmed no one is living there.

PURSUANT TO FLORIDA STATUTE 92.525, I ACKNOWLEDGE THAT I AM CERTIFIED IN GOOD STANDING IN THE JUDICIAL CIRCUIT WHERE THIS PROCESS WAS SERVED, HAVE NO INTEREST IN THE ABOVE ACTION, AND AM OF LEGAL AGE.. UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.

Subscribed and sworn to before me on ⟨23⟩ day
of ⟨MARCH⟩ , 2016, by the affiant who is
personally known to me.

_Odine_
Notary Public

> **ODALYS G. EIRE**
> MY COMMISSION # FF925008
> EXPIRES October 06. 2019
> FloridaNotaryService.com

_Chelsea Wahl_

Chelsea Wahl #205385
Certified Process Server

Retrieve Legal Services
P.O. Box 495182
Garland, TX 75049
(214) 584-6559

Our Job Serial Number: ODY-2016000805

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0l



## AFFIDAVIT OF SERVICE

### CAUSE NO: CV16-02-084

**STEVEN WADE, ET AL**                                    **271ST JUDICIAL DISTRICT COURT**

**VS**

**JOSE CHAPARRO AND J AND I LLC**                        **WISE COUNTY, TEXAS**

Documents: **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY**

Received on: _February 12 2016_ at _12:30_ A.M. / ~~P.M.~~ the above documents to be delivered to:

**J AND I, LLC**
**128 15TH STREET, GREELEY, CO 80631**

I, _Gina Zappia_, the undersigned, being duly sworn, depose and say, that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter. Delivery of said documents were attempted in the following manner:

By delivering to:_____

(Title / Relationship):_____

Address of Service:_____

Date of Service: _2-15-16_                Time of Service: _1:30pm._

Type of Service:

☐ **CORPORATION / PARTNERSHIP / GOVERNMENT OR OTHER AGENCY:** By delivering a true copy of said process to an officer, agent or partner of the above named entity whose name and title is listed above.

☑ **NOT FOUND / NOT DELIVERED:** for the following reason: _there is no such address_ _as: 128 15th St, Greeley, CO. 80631. This address led me to_ _an empty home lot._

_____

_____

"I declare under penalties of perjury that the information contained herein is true and correct"

X _Gina Zappia_                              Subscribed and sworn to before me, a notary
  Signature    PS#: _n/a_                     public on _2/29_ , 20 _16_
              Exp: _n/a_

                                             _Judy Ann Licata_
                                             Notary Public

                                        ╔══════════════════════════════╗
                                        ║      **JUDY ANN LICATA**      ║
                                        ║      **NOTARY PUBLIC**        ║
                                        ║    **STATE OF COLORADO**      ║
                                        ║   NOTARY ID 20134044693       ║
                                        ║ MY COMMISSION EXPIRES AUGUST 06, 2017 ║
                                        ╚══════════════════════════════╝

© Copyright 2010-2015 Calendar Count, Inc.

## CITATION
## THE STATE OF TEXAS

TO:  JOSE CHAPARRO
128 15th Street
Greeley CO 80631

Greetings,

You are hereby commanded to appear by filing a written answer to the plaintiff's petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 271st Judicial District Court of Wise County, Texas at the courthouse of said County in Decatur, Texas.

Said Plaintiff's petition was filed in said court, on February 02, 2016 numbered and styled

CV16-02-084
**Steven Wade, Alex Norris, Adam Norris**
**And Andrew Norris**
vs
**Jose Chaparro and J and I LLC**

The name and address of the attorney or party requesting the citation is:

KEITH C. PERDUE;
GROSSMAN LAW OFFICE
12240 INWOOD RD. SUITE 500
DALLAS TX 75244

A copy of the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY accompanies this citation.

**NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Issued and given under my hand and seal of said Court, at the office in Decatur, Texas, on this the 2nd day of February, 2016.

Brenda Rowe
Wise County District Clerk
P.O. Box 308
Decatur, Texas 76234

By _Janean Kerr_                              Deputy Clerk
      Janean Kerr

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### OFFICER'S RETURN

Came  to  hand  on  the  _____  day  of  _____, 20____  at  _____  o'clock ____.m.  Executed  at
_____, within the County of _____ at _____ o'clock ____.m. on the _____ day of
_____, 20____, by delivering to the within named _____, in person, a true copy of this process together with the accompanying copy of the instrument being served, having first attached such copy of such instrument to such copy of process and endorsed on such copy of process the date of delivery.

Not executed, the diligence used to execute being _____; for the reason
_____, defendant  may  be  found
_____.

SIGNATURE OF AUTHORIZED PERSON SERVING PROCESS

_____ COUNTY, TEXAS

BY_____ DEPUTY

Fee for serving this process $_____



PLAINTIFF'S
EXHIBIT
B

## AFFIDAVIT OF NON-SERVICE

State of Texas                                   County of WISE                                   District Court

Case Number: CV16-02-084

Plaintiff:
STEVEN WADE, et al.

vs.

Defendant:
JOSE CHAPARRO AND J AND I LLC.

For:
Grossman Law Office, P.C.
12240 Inwood Rd.
Suite 500
Dallas, TX 75244

Received by Retrieve Legal Services on the 16th day of March, 2016 at 3:40 pm to be served on **JOSE CHAPARRO, 1217 OAK AVENUE, LEHIGH ACRES, FL 33972.**

I, Chelsea Wahl #205385, being duly sworn, depose and say that on the **23rd day of March, 2016 at 5:00 pm, I:**

**NON-SERVED** the **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY** for the reason that I failed to find **JOSE CHAPARRO** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
3/18/2016 7:50 pm Attempted Service. 1217 Oak Avenue, Lehigh Acres, FL 33972. All dark; no vehicles; no answer. For sale realtor sign on property - Realtor: Domaine Realty.
3/21/2016 8:00 am Attempted Service. 1217 Oak Avenue, Lehigh Acres, FL 33972. House is vacant. Server called realtor Christina Ruud 239-223-4376, and she confirmed no one is living there.

PURSUANT TO FLORIDA STATUTE 92.525, I ACKNOWLEDGE THAT I AM CERTIFIED IN GOOD STANDING IN THE JUDICIAL CIRCUIT WHERE THIS PROCESS WAS SERVED, HAVE NO INTEREST IN THE ABOVE ACTION, AND AM OF LEGAL AGE. UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.

Subscribed and sworn to before me on _23_ day
of _MARCH_ , 2016, by the affiant who is
personally known to me.

_____
Notary Public

> **ODALYS G. EIRE**
> MY COMMISSION # FF925008
> EXPIRES October 06, 2019
> FloridaNotaryService.com

_____
Chelsea Wahl  #205385
Certified Process Server

Retrieve Legal Services
P.O. Box 495182
Garland, TX 75049
(214) 584-6559

Our Job Serial Number: ODY-2016000804

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0t



## AFFIDAVIT OF SERVICE

### CAUSE NO: CV16-02-084

STEVEN WADE, ET AL                                    **271ST JUDICIAL DISTRICT COURT**

VS

JOSE CHAPARRO AND J AND I LLC                         **WISE COUNTY, TEXAS**

Documents: **CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY**

Received on: _February 12, 2016_ at _12:30_ A.M. / P.M. the above documents to be delivered to:

**JOSE CHAPARRO**
**128 15TH STREET, GREELEY, CO 80631**

I, _Gina Zappia_, the undersigned, being duly sworn, depose and say, that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter. Delivery of said documents were attempted in the following manner:

By delivering to:_____

(Title / Relationship):_____

Address of Service:_____

Date of Service: _2-15-16_                Time of Service: _1:30 pm_

Type of Service:

   ☐ **PERSONAL SERVICE:** Individually and personally to the above named recipient.

   ☒ **NOT FOUND / NOT DELIVERED:** for the following reason: _there is no such address_
_as: 128 15th St, Greeley, CO 80631. This address led me to_
_an empty home lot._
_____

_____

**"I declare under penalties of perjury that the information contained herein is true and correct"**

x _Gina Zappia_                              Subscribed and sworn to before me, a notary
Signature         PS#: _n/a_                  public on _2/29_____, 20_16_
         Exp: _n/a_

                                         _Judy Ann Licata_
                                         Notary Public

**JUDY ANN LICATA**
**NOTARY PUBLIC**
**STATE OF COLORADO**
NOTARY ID 20134044693
MY COMMISSION EXPIRES AUGUST 08, 2017.



Filed 12/29/2016
Brenda Rowe, District Clerk
Wise County, Texas
By: Janean Kerr

Wise County District Clerk
Phone: (940) 627-5535

# E-FILING REQUEST FOR ISSUANCE

◇ This document **MUST** be filed as a separate LEAD document when e-filing
◇ *Choose the E-Filing Code:* **"REQUEST"**
◇ Select the type of issuance using the "Optional Services" fee section on the e-filing screen
◇ Most service issued requires a document to be attached, you must add the "Copies for Service" fee and enter
   the number of pages the clerk needs to print. The fee is $1.00 per page (ex: Petition has 5 pages, 3 citations are requested:
   5 X 3 = 15 pages that will need to be printed by the clerk. The total "Copies for Service" fee is $15.00.)

CAUSE NO._____     STYLE OF CASE:_____

_____

DOCUMENT TO BE SERVED: _Citation of Process_____

### PLEASE SELECT THE TYPE AND QUANTITY OF ISSUANCE(S) REQUESTED:

| TYPE | AMOUNT | QUANTITY |
|------|--------|----------|
| All Writs | $8 | |
| Citation | $8 | 2 |
| Citation for Expedited Foreclosure | $8 | |
| Notice | $8 | |
| Precept | $8 | |
| Show Cause Notice | $8 | |
| Temporary Restraining Order | $8 | |

(citation, TRO, etc)

Name of party to be served: **Jose Chaparro**_____   Type   **Citation**_____

Address for Service:     **128 15th Street**_____

         **Greeley, CO 80631**_____

Name of party to be served: **J and I LLC**_____   Type   **Citation**_____

Address for Service:     **128 15th Street**_____

         **Greeley, CO 80631**_____

(Please attach additional pages if there are more parties to be served)

### ***CHECK ONE OF THE OPTIONS BELOW FOR YOUR PREFERRED SERVICE METHOD***
**(IF SERVICE FEE AND SERVICE COPIES ARE PAID FOR IN "OPTIONAL SERVICES")**
_____ Send to Wise County Sheriff's Department for Service
_____ Clerk to serve by Certified Mail
   **(IF SERVICE COPIES ONLY ARE PAID FOR IN "OPTIONAL SERVICES")**
__X____ Hold in Clerk's office for pick up     (Please notify attorney when issuance is complete)
_____ I will send a self-addressed stamped envelope with sufficient postage to: Wise County District Clerk;
   P.O. Box 308  Decatur, Texas 76234 for the return of the issuance and service documents
_____ Place in attorney's box
   **(IF NEITHER SERVICE FEE OR SERVICE COPIES ARE PAID FOR IN "OPTIONAL SERVICES")**
_____ Hold in Clerk's office for pick up (we will bring in file-marked copy/copies of service documents to be
   attached by clerk         (Please notify attorney when issuance is complete)
_____ I will send file-marked copy/copies of service document and a self-addressed envelope with sufficient
   postage to:  Wise County District Clerk; P.O. Box 308 Decatur, Tx 76234
   Additional Notes:_____

Requestor Name & Phone number: **Grossman Law Offices, PC, Keith Purdue 214-220-9191**_____

Exhibit 1-6

This is to certify that this is a
true and correct copy.

BRENDA ROWE
District Clerk Wise
County, Texas
By _____

RECEIVED

Cause No: CV16-02-84

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE 271ST |
| vs. | § | JUDICIAL DISTRICT COURT |
| J AND I LLC and JOSE CHAPARRO, *Defendants*. | §<br>§ | WISE COUNTY, TEXAS |

## ORDER FOR SUBSTITUTED SERVICE

On this day came on to be considered the Plaintiffs' Motion for Substituted Service under Rule 106. The Court, having reviewed the motion and the affidavits of Plaintiffs' process servers, is of the opinion that the motion is well-taken and should in all things be GRANTED.

IT IS THEREFORE ORDERED, ADJUDICATED AND DECREED that the Motion for Substituted Service is GRANTED, and that Defendants J and I, LLC and Jose Chaparro may be served with process by serving anyone over the age of sixteen (16) at the Defendant's home or business address and that a true copy of such order for substituted service under Rule 106 be attached to and included with the citation and show where, when and how the petition was so served.

SIGNED ON this the _7th_ day of _April_, 2016.

_____
JUDGE PRESIDING

**FILED**
_____ AM _3:46_ PM

APR 0 8 2016

BRENDA ROWE
DISTRICT CLERK-WISE COUNTY, TX
BY _____ DEPUTY

Order for Substituted Service

Exhibit 1-7

Date *August 29, 2016*

A true and correct copy.

BRENDA ROWE
District Clerk Wise
County, Texas

By _Janean Kerr_
Deputy

Brenda Rowe, District Clerk
Wise County, Texas
By: Janean Kerr

Cause No: CV16-02-084

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, | § § § § § § § § § § § § § | IN THE 271ST |
| | | JUDICIAL DISTRICT COURT |
| vs. J AND I LLC, JOSE CHAPARRO, AND LUNDVALL ENTERPRISES, INC. *Defendants*. | | WISE COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

Steven Wade, Alex Norris, Adam Norris, and Andrew Norris, Individually, as Wrongful Death Beneficiaries and on Behalf of the Estate of Penny Wade ("Plaintiffs") file this First Amended Petition complaining of J and I LLC, Jose Chaparro, and Lundvall Enterprises, Inc. (sometimes collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

### 1.00    DISCOVERY CONTROL PLAN

Pursuant to Texas Rule of Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

### 2.00    PARTIES

2.01    Steven Wade is an individual and a citizen of the State of Texas. He is the surviving spouse of Penny Wade, deceased, who was also a citizen and resident of Texas.

2.02    Alex Norris is an individual and a citizen of the State of Texas. He is a surviving biological son of Penny Wade, deceased.

2.03    Adam Norris is an individual and a citizen of the State of Texas. He is a surviving biological son of Penny Wade, deceased.

2.04    Andrew Norris is an individual and a citizen of the State of Texas. He is a

surviving biological son of Penny Wade, deceased.

2.05     Defendant, Jose Chaparro is an individual and a citizen of the State of Colorado. Defendant can be served with process by serving him at his home address, 128 15th Street, Greeley, CO, 80631 or wherever he may be found.

2.06     Defendant J and I LLC is a Colorado limited liability corporation and can be served by serving its registered agent Jose Chaparro at 128 15th Street, Greeley, CO, 80631 or wherever he may be found.

2.07     Defendant Lundvall Enterprises, Inc., is a Colorado corporation and can be served by serving its registered agent Steve Lundvall, 1907 1st Ave., Greeley, CO, 80645 or wherever he may be found.

### 3.00     JURISDICTION & VENUE

3.01     Wise County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, section 15.002(a)(1), *et seq*., because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

3.02     The amount in controversy is within jurisdictional limits of this Court. Plaintiffs seek over $1,000,000 in damages.

### 4.00     STATEMENT OF FACTS

4.01     On November 15, 2015, December 23, 2013, Penny Wade was traveling southbound on U.S. 81 in Wise County, Texas. Suddenly and without warning, Penny Wade lost control of her vehicle, which came to rest in the middle of U.S. 81. At this same time, Jose Chaparro was operating a commercial tractor and trailer on the same stretch of roadway heading southbound.

4.02     Despite having more than sufficient time to detect and avoid contacting Penny



Wade's disabled vehicle, Jose Chaparro failed to pay attention, took faulty evasive action, and collided with Penny Wade and her vehicle. Penny Wade was killed as a result of the impact.

4.03     At the time of the collision, Jose Chaparro was employed by or the agent acting on behalf of J and I LLC and/or Lundvall Enterprises. Furthermore, Jose Chaparro was operating a commercial motor vehicle in the course and scope of his employment and/or agency on behalf of J and I LLC and/or Lundvall Enterprises.

**5.00     NEGLIGENCE CLAIMS AGAINST DEFENDANT JOSE CHAPARRO**

5.01     At all times relevant to the occurrence in question, Jose Chaparro had a duty to act as a reasonable and prudent motorist would have acted under the same or similar circumstances. Jose Chaparro breached this duty in one or more respects including, but not limited to: failing to maintain a proper lookout, failing to keep his vehicle under control, changing lanes when unsafe and/or failing to maintain a single lane of travel, failing to properly signal a lane change, failing to control speed, failing to act as a reasonably prudent motorist would in the same or similar circumstances, and taking faulty evasive action.

5.02     The above acts and/or omissions were a proximate cause of the collision in question and the resulting injuries and damages sustained by Penny Wade and Plaintiffs.

**6.00     NEGLIGENCE CLAIM AGAINST DEFENDANT J and I LLC.**

6.01     Defendant J and I LLC is vicariously liable for the damages proximately caused to Penny Wade and the Plaintiffs by virtue of the negligent conduct of its driver/employee/agent, Jose Chaparro.

6.02     At the time of the subject collision, Jose Chaparro was an employee and/or agent of Defendant J and I LLC. Further, Jose Chaparro was acting within the course and scope of his employment and/or agency relationship on behalf of Defendant J and I LLC at the time of the subject incident. That is, Jose Chaparro was acting in furtherance of the business of his employer



and/or master.

6.03    Therefore, Defendant J and I LLC is vicariously liable to Plaintiffs for the negligent acts and/or omissions of its employee/agent, Jose Chaparro, on the basis of respondeat superior and/or agency law.

### 7.00    NEGLIGENCE CLAIM AGAINST DEFENDANT LUNDVALL ENTERPRISES.

7.01    Defendant Lundvall Enterprises is vicariously liable for the damages proximately caused to Penny Wade and the Plaintiffs by virtue of the negligent conduct of its driver/employee/agent, Jose Chaparro.

7.02    At the time of the subject collision, Jose Chaparro was an employee and/or agent of Defendant Lundvall Enterprises. Further, Jose Chaparro was acting within the course and scope of his employment and/or agency relationship on behalf of Defendant Lundvall Enterprises at the time of the subject incident. That is, Jose Chaparro was acting in furtherance of the business of his employer and/or master.

7.03    Therefore, Defendant Lundvall Enterprises is vicariously liable to Plaintiffs for the negligent acts and/or omissions of its employee/agent, Jose Chaparro, on the basis of respondeat superior and/or agency law.

### 8.00    GROSS NEGLIGENCE

Plaintiffs further allege that the conduct of Defendants, constitutes gross negligence, as those terms are defined by Texas law. That is, when viewed objectively from the standpoint of Defendant's vice-principals, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, had an actual, subjective awareness of the risk involved, but nevertheless proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover



exemplary/punitive damages as allowed by law for this conduct.

### 9.00    WRONGFUL DEATH CLAIM: STEVEN WADE

9.01    As a direct and proximate result of the negligent acts and/or omissions of Defendants, Plaintiff Steven Wade has suffered substantial damages for which he seeks recovery from Defendants.

9.02    Steven Wade, as the surviving spouse of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his wife, Penny Wade.

### 10.00    WRONGFUL DEATH CLAIM: ALEX NORRIS

Alex Norris, as a surviving son of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his mother, Penny Wade.

### 11.00    WRONGFUL DEATH CLAIM: ADAM NORRIS

Adam Norris, as a surviving son of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his mother, Penny Wade.

### 12.00    WRONGFUL DEATH CLAIM: ANDREW NORRIS

Andrew Norris, as a surviving son of Penny Wade, seeks wrongful death damages on behalf of himself individually consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future mental anguish, and past and future loss of household services due to the wrongful death of his mother, Penny Wade.



### 13.00   SURVIVAL CLAIMS

Plaintiffs, as the surviving heirs of Penny Wade, seek survival damages for the conscious pain and mental anguish suffered by Penny Wade before her death, past medical expenses for medical treatment received by Penny Wade for her injuries and the reasonable funeral and burial expenses incurred on behalf of Penny Wade.

### 14.00   COSTS

Plaintiffs also seek recovery for all costs of court, and prejudgment and post-judgment interest in the maximum amounts allowable by law.

### 15.00   PRAYER

Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs recover a judgment over and against the Defendants for the damages as pled herein in amounts the jury determines to be fair and reasonable, and for such other and further relief, at law and in equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

*/s/ Keith C. Purdue*

**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiffs*



Cause No: CV16-02-84

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, *Plaintiffs*, vs. J AND I LLC, JOSE CHAPARRO, AND LUNDVALL ENTERPRISES, INC. *Defendants*. | § § § § § § § § § § § | IN THE 271ST JUDICIAL DISTRICT COURT WISE COUNTY, TEXAS |

## PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT

TO:    Defendant Lundvall Enterprises

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request disclosure from Defendant of those items contained in 194.2(a)-(l). Upon service of citation, along with this Original Petition, Defendant is required to respond to this Request for Disclosure within FIFTY (50) days hereafter.

Respectfully submitted,

/s/ Keith C. Purdue

**Keith C. Purdue**
SBN 24058060
kpurdue@injuryrelief.com
**E. Michael Grossman**
SBN 08544500
mgrossman@injuryrelief.com
**Nathan W. Shackelford**
SBN 24070598
nshackelford@injuryrelief.com
GROSSMAN LAW OFFICE, P.C.
12240 Inwood Rd., Suite 500
Dallas, Texas 75244
(214) 220-9191
(214) 220-9127 – Fax
*Attorneys for Plaintiffs*



GENERAL CITATION
THE STATE OF TEXAS

Date *August 29, 2016*

This is to certify that this is a
true and correct copy.

BRENDA ROWE
District Clerk Wise
County, Texas
By *Deputy*

TO:   Lundvall Enterprises, Inc.
      1907 1st Ave
      Greeley CO  80645

Greetings,
You are hereby commanded to appear by filing a written answer to the plaintiff's petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service hereof, before the Honorable 271st Judicial District Court of Wise County, Texas at the courthouse of said County in Decatur, Texas.

Said plaintiff's **PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE** was filed in said court, on **June 02, 2016** numbered and styled

CV16-02-084
**Steven Wade,Alex Norris,Adam Norris,Andrew Norris**
**vs**
**Jose Chaparro,J and I AND**
**LLC,Lundvall Enterprises, Inc.**

The name and address of the attorney or party requesting the citation is:

**KEITH C. PERDUE**
**12240 INWOOD RD, SUITE 500**
**DALLAS, TX  75244**

A copy of the **PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE** accompanies this citation.

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition. a default judgment may be taken against you.

Issued and given under my hand and seal of said Court, at the office in Decatur, Texas, on this the 10th day of June, 2016.

Brenda Rowe
Wise County District Clerk
P.O. Box 308
Decatur, Texas 76234

By *Janean Kerr*                          Deputy Clerk
       Janean Kerr

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20_____ at _____ o'clock _____.m. Executed at _____ within the County of _____ at _____ o'clock _____.m. on the _____ day of _____, 20____, by delivering to the within named _____, in person, a true copy of this process together with the accompanying copy of the instrument being served, having first attached such copy of such instrument to such copy of process and endorsed on such copy of process the date of delivery.
    Not executed, the diligence used to execute being _____; for the reason _____, defendant may be found _____.

_____
SIGNATURE OF AUTHORIZED PERSON SERVING PROCESS

_____ COUNTY, TEXAS

BY_____DEPUTY

Fee for serving this process $_____

This is to certify that this is a
true and correct copy.
BRENDA ROWE
District Clerk Wise
County, Texas
Deputy

Wise County District Clerk
Phone: (940) 627-5535

Brenda Rowe, District Clerk
Wise County, Texas
By: Janean Kerr

# E-FILING REQUEST FOR ISSUANCE

◇ This document **MUST** be filed as a separate LEAD document when e-filing
◇ *Choose the E-Filing Code:*      *"REQUEST"*
◇ Select the type of issuance using the "Optional Services" fee section on the e-filing screen
◇ Most service issued requires a document to be attached, you must add the "Copies for Service" fee and enter
   the number of pages the clerk needs to print.  The fee is $1.00 per page (ex: Petition has 5 pages, 3 citations are requested:
   5 X 3 = 15 pages that will need to be printed by the clerk.  The total "Copies for Service" fee is $15.00.)

CAUSE NO. CV.16-02-084                STYLE OF CASE: STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW
NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the
ESTATE OF PENNY WADE.

vs.

DOCUMENT TO BE SERVED: Petition/Citation    J AND I LLC, JOSE CHAPARRO, AND LUNDVALL ENTERPRISES, INC.

### PLEASE SELECT THE TYPE AND QUANTITY OF ISSUANCE(S) REQUESTED:

| TYPE | AMOUNT | QUANTITY |
|---|---|---|
| All Writs | $8 | |
| Citation | $8 | 1 |
| Citation for Expedited Foreclosure | $8 | |
| Notice | $8 | |
| Precept | $8 | |
| Show Cause Notice | $8 | |
| Temporary Restraining Order | $8 | |

Name of party to be served: Steve Lundvall                    (citation, TRO, etc)
Address for Service: , 1907 1st Ave., Greeley, CO, 80645    Type  Citation


Name of party to be served: _____    Type _____
Address for Service: _____

(Please attach additional pages if there are more parties to be served)

### ***CHECK ONE OF THE OPTIONS BELOW FOR YOUR PREFERRED SERVICE METHOD***

_____  Hold in Clerk's office.  I will bring in file-marked copy/copies of the service document to  be
         attached by clerk

   X
_____  Please return the issuance by E-service.  (copy fee for service document is not required)
         E-mail Address: _____

_____  Send to Wise County Sheriff's Department for service.  (Service fee and service copies must be
         paid for in "Optional Services")

_____  Please serve by Certified Mail.  (Service fee and service copies must be  paid for in "Optional
         Services")

**Requestor Name & Phone number:** Grossman Law Offices 214-220-9191 Contact: Jazmin Cortez

Date August 29, 2016
BRENDA ROWE
District Clerk Wise
County, Texas
By _____ Deputy

Brenda Rowe, District Clerk
Wise County, Texas
By: Janean Kerr

Exhibit 1-9

CAUSE NO. CV16-02-084

| | | |
|---|---|---|
| STEVEN WADE, ALEX NORRIS, ADAM NORRIS, and ANDREW NORRIS, Individually, as Wrongful Death Beneficiaries and on Behalf of the ESTATE OF PENNY WADE, | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | WISE COUNTY, TEXAS |
| vs. | § § | |
| J AND I LLC, JOSE CHAPARRO, and LUNDVALL ENTERPRISES, INC. | § § § | |
| *Defendants.* | § § | 271ST JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

**J and I LLC, Jose Chaparro, and Lundvall Enterprises, Inc.**, Defendants herein, file their Original Answer as follows:

### I.
### GENERAL DENIAL

1.     Defendants deny each and every, all and singular, the material allegations contained within Plaintiffs' pleadings and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

2.     By way of affirmative defense, Plaintiffs' claims, if any, for exemplary, punitive or other damages are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 41, and any other applicable statute concerning the recovery of damages and the common law of Texas. Accordingly, Defendants specifically plead the limitations, restrictions and/or bar on the recovery by Plaintiffs of such damages in accordance with Chapter 41 and other applicable law.

---

DEFENDANTS' ORIGINAL ANSWER – Page 1 of 3

3.　　By way of affirmative defense, Defendants affirmatively plead that the accident in question and Plaintiffs' damages, if any, were solely caused by the conduct of other parties, including Penny Wade, or alternatively, that the conduct of other parties, including Penny Wade, was an intervening cause of the accident and Plaintiffs' damages.　Therefore, Defendants are not liable for such damages.

## II.
## JURY DEMAND

4.　　In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury.

Defendants J and I LLC, Jose Chaparro, and Lundvall Enterprises, Inc. pray that Plaintiffs take nothing by this suit, that Defendants go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN, PC**
1601 Elm Street, Suite 3700
Dallas, Texas 75201
(214) 777-4200 / Fax (214) 777-4299

By:　 /s/ Zach T. Mayer
　　　　Zach T. Mayer
　　　　State Bar No. 24013118
　　　　zmayer@krcl.com
　　　　Aaron M. Speer
　　　　State Bar No. 24051365
　　　　aspeer@krcl.com
　　　　Philip K. Bean
　　　　State Bar No. 24059235

**ATTORNEYS FOR DEFENDANTS
J AND I LLC, JOSE CHAPARRO, AND
LUNDVALL ENTERPRISES, INC.**

4181473 v1 (79095.00029.000)



## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of August 2016, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

KEITH PURDUE
GROSSMAN LAW OFFICES
12240 INWOOD RD., SUITE 500
DALLAS, TEXAS 75244
KPURDUE@INJURYRELIEF.COM

*COUNSEL FOR PLAINTIFFS*

☐ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☐ E-SERVICE ONLY
☒ E-SERVICE/E-FILE
☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

/s/ Zach T. Mayer
Zach T. Mayer